**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES BISHOP,** | ) | **CASE NO. 1:24 CV 1853** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JODIE SCHUMACHER,** *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

### Introduction

*Pro se* Plaintiff James Bishop, an Ohio prisoner, has filed an *in forma pauperis* prisoner civil rights complaint in this case under 42 U.S.C. § 1983 against Richland County Prosecutor Jodie Schumacher, Assistant Prosecutor Amanda Middis, Jefferson County Court of Common Pleas Judge Joe Bruzzese, and Ohio Department of Highway Patrol Employees Detective Bryan Butler and Sergeant Jeffrey Redden.  (Doc. No. 1.)

Plaintiff's complaint pertains to criminal charges brought against him in Richland County, Ohio. *State of Ohio v. Bishop*, No. 23 CR 427R (Richland Cty. Ct. of Comm. Pls.) (the "Richland County case" or "Richland 1").  Plaintiff was charged with two counts of extortion in that case, after he filed a motion seeking to recuse Judge Bruzzese in a prior Jefferson County criminal case (the "Jefferson County case").  Plaintiff alleges he wrote a letter to the Judge, seeking the Judge's recusal in the Jefferson County case and, *inter alia*, indicating he "would expose" him by filing an affidavit of disqualification with the Ohio Supreme Court and by "get[ting] the news involved."

(Doc. No. 1 at 3, ¶ 12.)[1]  Plaintiff alleges this conduct led to "erroneous" extortion charges against him in the Richland County case.  (*Id*. at 3, ¶ 14.)

Here, he alleges claims for abuse of process, malicious prosecution, retaliation, and civil conspiracy, and he seeks monetary relief against each defendant.  (*Id*. at 4-7.)

Plaintiff's motion to proceed *in forma pauperis* in the case has been granted by separate order, and for the following reasons, his complaint is dismissed.

### Standard of Review and Discussion

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Federal courts, moreover, are courts of limited jurisdiction and have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua sponte*. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd*., 556 F.3d 459, 465 (6th Cir. 2009). "If the court

---

[1]  After this motion was denied, Plaintiff was found guilty in the Jefferson County case of burglary, safe cracking, theft, and receiving stolen property.  (*Id*. at 3, ¶ 9.)

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Upon review, the Court finds that Plaintiff's complaint warrants dismissal in accordance with § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).

First, under the doctrine of abstention, federal courts must abstain from exercising jurisdiction over cases that interfere with pending state-court proceedings involving important state interests absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 117 (1987). Federal-court abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff an adequate opportunity to raise federal concerns. *Leveye v. Metro. Pub. Def. Office*, 73 Fed. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45).

All the factors warranting federal-court abstention are present here. Although Plaintiff states in his complaint that the extortion charges in Richland 1 "were dismissed" in March 2024 (Doc. No. 1 at 3, ¶ 16), the docket of the Richland County Court of Common Pleas indicates that those charges were dismissed due to a superseding indictment in another Richland County case in which Plaintiff was indicted on amended charges of extortion and intimidation stemming from the same facts at issue in Richland 1. *See State v. Bishop*, Case No. 2023 CR 948R (Richland Cty. Ct. of Comm. Pls.) ("Richland 2"). The docket in Richland 2 indicates that the case is pending appellate review before the Fifth District Appellate Court. *State v. Bishop*, 25-CA-12 (Ohio Ct. App.). Consequently, Plaintiff's complaint seeks federal-court intervention in a pending state criminal proceeding; such a proceeding implicates an important state interest (*see Leveye*, 73 F. App'x at 794) (a state criminal case implicates an important state interest); and there is no plausible

suggestion in Plaintiff's complaint that he lacks an adequate opportunity to raise the federal concerns he has in state court. *See Pennzoil*, 481 U.S. at 14-15; *see also Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of *Younger* abstention is satisfied where the plaintiff has failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

This Court will not interfere with a pending state criminal matter against Plaintiff and must abstain from asserting jurisdiction in this case in accordance with *Younger*.

Further, Plaintiff's complaint fails to state a plausible federal civil rights claim over any Defendant under § 1983. The Sixth Circuit has consistently held that damage claims against government officials "must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original). Where individuals are named as defendants in the caption of a complaint without cogent specific allegations of misconduct against them in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of. Am.*, 92 Fed. App'x. 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). *See also Frazier v. Michigan*, 41 Fed. App'x 762, 764 (6th Cir. 2002) (dismissing claims where the complaint did not allege "with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Conclusory allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*,

550 U.S. at 555. Other than conclusory allegations, Plaintiff's complaint fails to set forth cogent, specific allegations of alleged wrongdoing as to Defendants Butler and Redden. The complaint, therefore, fails to state a plausible federal civil rights damage claim against them.

The remaining Defendants (Judge Bruzzese and Prosecutors Schumacher and Middis) are absolutely immune from Plaintiff's damages suit. It is well-established that judges and judicial officers enjoy absolute immunity from suits seeking monetary damages on claims arising out of the performance of judicial or quasi-judicial functions. State prosecutors likewise enjoy absolute immunity from liability under § 1983 when engaging in conduct "intimately associated with the judicial phase of the criminal process," including deciding whether and against whom to bring criminal charges. *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997).  Plaintiff's complaint on its face pertains to conduct by Judge Bruzzese and Prosecutors Schumacher and Middis as to which they are absolutely immune from a § 1983 damages suit.

## Conclusion

Plaintiff's complaint is dismissed pursuant to §1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3), for the foregoing reasons.  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 20, 2025

*David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE